UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BMO HARRIS BANK, NA,

    Plaintiff,

v.                                                                 Case No. 6:16-cv-2238-Orl-37KRS

DTL TRANSPORTATION, INC.,

    Defendant.
_____

## ORDER

Plaintiff BMO Harris Bank, NA ("**BMO**") initiated this action by filing a five-count Complaint against Defendant DTL Transportation, Inc. ("**DTL**"). (Doc. 1) Specifically, Plaintiff requests: (1) injunctive relief ("**Count I**"); (2) specific performance ("**Count II**"); (3) replevin ("**Count III**"); breach of a Master Vehicle and Lease Agreement and six Schedule A's (collectively, "**Lease**") ("**Count IV**"); and (5) breach of a Loan and Security Agreement ("**LSA**") ("**Count V**"). (*Id.* at 7–12.) After obtaining the Clerk's entry of default (Doc. 18), BMO now requests default judgment against DTL, seeking injunctive relief, replevin, and damages based on DTL's breach ("**Motion**"). (Doc. 26, pp. 21–22.)

On referral, U.S. Magistrate Judge Karla R. Spaulding recommends that the Court grant the Motion in part and award BMO money damages, interest, and attorneys' fees. (Doc. 27 ("**R&R**").) As an initial matter, Magistrate Judge Spaulding notes that, despite repeated invitations to do so, BMO did not specifically address the legal elements of Counts I–III in its Motion, and, thus, has abandoned those claims ("**Abandoned**

**Claims**"). (*Id.* at 5 n.2.) Hence, she recommends that the Court not permit BMO another opportunity to seek default judgment on the Abandoned Claims, and cabins her R&R to only Counts IV–V. (*Id.* at 5.)

As to Counts IV–V, Magistrate Judge Spaulding concludes that: (1) by virtue of DTL's default, DTL entered into a valid Lease and LSA with GE TF Trust (BMO's predecessor-in-interest), obligating DTL to pay monthly rental for leased equipment; (2) DTL breached the Lease and LSA by failing to make all outstanding payments; (3) BMO may recover damages from the breach, which include the principal amount due and owing, interest, and late charges; (4) BMO is entitled to immediate possession of the vehicles that DTL retained under the MLA and Schedules ("**Retained Units**") (*see* Doc. 26, p. 7); and (5) DTL is obligated to pay BMO's attorneys' fees and costs incurred in enforcing the MLA, Schedules, and LSA. (*See id.* at 5–8.)

The parties did not object to the R&R, and the time for doing so has now passed. As such, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no clear error, the Court finds that the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 27) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. BMO Harris Bank, NA's Second Renewed Motion for Default Judgment (Doc. 26) is **GRANTED IN PART** to the extent specified in this Order.

3. DTL Transportation, Inc. is **DIRECTED** to produce the Retained Units to BMO Harris Bank NA by **September 27, 2017**. If DTL fails to do so, BMO may file a motion for replevin of these units.

4. BMO Harris Bank, NA is **DIRECTED** to provide a proposed form of final order with interest computed up to and including the date of this Order.

5. BMO Harris Bank, NA may file a Bill of Costs and a motion for assessment of attorneys' fees computed up to and including the date of this Order.

6. The Clerk is **DIRECTED** to:

    a. Enter judgment in favor of Plaintiff BMO Harris Bank, NA and against Defendant DTL Transportation, Inc. on Counts IV–V of the Complaint (Doc. 1, ¶¶ 52–57); and

    b. Close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 14, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record